# Richard Raudenbush et al., Plffs. in Err., v. Jacob Bushong et al.

A creditor who signs an agreement for an extension of time to an insolvent firm, for the payment of its debts, containing the condition that it shall not be binding unless signed by all the creditors of $100 and upwards, is at liberty, so far as the agreement is concerned, to assert any rights which he possesses against the firm, unless the provision is complied with.

In such case where trustees have been appointed under the terms of the agreement and the assets of the firm assigned to them for the benefit of creditors, if neither the agreement nor the assignment are recorded, they are void, by virtue of § 5 of th act of 1818, as against any creditor who chooses to assert their invalidity.

A silent acquiescence in the acts of the trustee so appointed, for a period of five years, will not estop a creditor from asserting his rights if there is nothing to show that he participated in the appointment of the trustees or in their action; or even uttered a word or did an act, misleading other creditors to the belief that he had abandoned or intended to abandon any legal rights which he possessed as a creditor.

(Decided April 5, 1886.)

Error to the Common Pleas of Berks County to review a judgment for defendants in an attachment execution. Reversed.

The statement as given on behalf of the plaintiffs in error is substantially as follows:

The plaintiffs obtained a judgment against Bushong & Bro. for $3,061.40. Bushong & Bro. obtained two judgments, one against Shaaber, Johnson, & Co. for $1,575.09, the other against John McKnight for $1,834.51. The plaintiffs issued upon their judgment a writ of attachment execution, attaching the moneys due to Bushong & Bro., on the Shaaber, Johnson, & Co. and McKnight judgments, and summoning the defendant therein as garnishees.

The defense is that the moneys owing by the garnishees on the judgments aforesaid at the time of the attachment no longer belonged to Bushong & Bro., the same having been previously

NOTE.—The creditor would be bound, though all did not join, where there was no condition in the agreement to the contrary. Laird v. Campbell, 92 Pa. 470. Such agreements rest on a sufficient consideration, resting on the forbearance of all the creditors. Bright v. Murray, 1 Legal Chronicle, 19, 2 Legal Opinion, 170.

assigned to trustees for certain of the creditors of Bushong & Bro. To this the plaintiffs answered that the said assignments not having been recorded as provided by the act of assembly are void and not binding upon them.

Bushong & Bro., having engaged in the banking business and in other enterprises, became insolvent. In the latter part of 1877 they solicited their creditors to execute an agreement for an extension of the time for the payment of their indebtedness for five years, under the terms of which all their property was to be conveyed to three trustees in trust for creditors, the same to be sold and the proceeds to be distributed *pro rata*.

Certificates of indebtedness payable in five years were to be given to the creditors for their respective claims. The agreement contained the following clauses: "The assets of the bank to be applied to pay off all deposits under $100, provided they do not exceed altogether the sum of $13,646."

"This agreement not to be binding unless all the depositors of $100 and upwards sign this agreement."

The plaintiffs signed the said agreement, but a number of "the depositors of $100 and upwards," refused to sign the same, so that by its terms it did not become binding.

Notwithstanding this fact, however, a meeting of the creditors was called by newspaper advertisement, and held, at which five trustees instead of three were selected, and a blanket mortgage to the trustees upon the debtor's real estate for the securement of certificates of indebtedness to be issued was provided for. The mortgage was executed and placed upon record, and certificates of indebtedness were issued to most of the creditors.

Upon the trial in the court below, the plaintiffs, after other preliminary proof, put in evidence the record of the judgments against the garnishees and rested.

The defendants thereupon offered in evidence the agreement for extension, which offer was objected to by the plaintiffs, bcause it was not offered to be shown that "all the depositors of $100 and upwards" had signed it.

The court overruled the objection and admitted the agreement. The defendants then offered to show that a meeting of creditors was called and held at which it was determined that the said agreement should go into effect, and at which trustees were appointed and pursuant to which a mortgage was executed by Bushong & Brother to the trustees and accepted by them.

This was objected to by the plaintiffs because it was not offered to be shown that the plaintiffs were present at the meeting, or that they at any time assented to its proceedings.

The court overruled this objection and admitted the testimony.

The defendants then offered two papers signed "Bushong & Bro.," with a seal appended, and dated before the time of the attachment, assigning the Shaaber, Johnson, & Co. and Mc-Knight judgments to the trustees in trust for the depositors whose claims were under $100.

The plaintiffs objected: (1) Because executed by one partner in the name of the firm with a seal, one partner not being able to bind the firm by an instrument under seal; (2) because the papers were assignments for the benefit of creditors, and had not been recorded pursuant to law, and were therefore void; (3) because irrelevant.

The court overruled the objections and admitted the assignments in evidence.

The court instructed the jury to find a verdict for the defendants, and the plaintiffs brought error.

*Cyrus G. Derr* for plaintiffs in error.

*Jeff. Snyder* and *Geo. F. Baer* for defendants in error.

OPINION BY MR. JUSTICE GREEN:

The extension agreement contained the following clause: "This agreement not to be binding unless all the depositors of $100 and upwards sign this agreement." It was a proved and entirely undisputed fact that the extension agreement was not signed by "all the depositors of $100 and upwards." Several positively refused to sign. By the express terms of the instrument, therefore, it was not binding upon the plaintiffs.

In consequence of this condition of things, they were at liberty to assert any rights of which they were possessed, so far as this paper was concerned. They chose to bring suit against Bushong & Bro.; obtained judgment against them, and issued a writ of attachment in execution upon their judgment. Having done this, and served their writ upon the garnishees, defendants in this case, their right to recover is resisted chiefly upon the ground of estoppel, but also upon the ground that a

complete title to the moneys attached had passed to the creditors. of less than $100.

We cannot perceive any basis whatever for the second of these contentions. The title of this class of creditors has nothing to rest upon but a preference given by the extension agreement, and the assignments of the judgments obtained by Bushong & Bro. against the garnishees, which assignments contained the same preference. Neither the extension agreement nor the assignments of the judgments were ever recorded, and they are consequently void as against any of the creditors of Bushong & Bro. who choose to assert their invalidity, by virtue of the 5th section of the act of 1818 (Purdon's Digest, 121, pl. 13).

As for the delivery of the notes to the trustees, it certainly could pass no title superior to the authority under which it was made. While it is true that the trustees were chosen at a. meeting of. creditors, their authority to receive the notes in question in prejudice of the plaintiffs' rights depends upon the efficacy of the extension agreement; and that, as we have seen, does not bind them.

The only other defense is the alleged estoppel, but it is without merit. The only affirmative positive act of the plaintiffs. was the signing of the extension agreement. But this did not tie their hands, because by its own terms it was inoperative. Their abstinence from action during five years no more estops them than does a similar abstinence on the part of an ordinary creditor in prosecuting his lawful remedies. What else is there?

A meeting of creditors, an appointment of trustees to whom Bushong & Bro. delivered a mortgage of their real estate for the benefit of their creditors, and an acquiescence by the plaintiffs; a silent acquiescence in the proceedings of the trustees. under the mortgage. But there is no proof that the plaintiffs were present at the meeting of creditors by which the trustees. were appointed, or in any manner participated in their appointment or in their action, or even uttered a word, or did an act, misleading any other creditors to the belief that they had abandoned, or intended to abandon, any legal rights of which they were themselves possessed as creditors. In such circumstances there is nothing to support an estoppel.

If the plaintiffs had obtained any advantages they were not bound to communicate that fact, nor to withhold the knowledge of it on peril of losing them. Let it be granted that the de-

livery of the mortgage was in part execution of the extension
agreement, still it could not legally bind those who were not
bound by the terms of the agreement. In every point of view,
it seems to us the plaintiffs were entitled to recover so far as
anything contained in the present record is concerned. The as-
signments of error are all sustained.

Judgment reversed, and new *venire* awarded.